UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MAURICE FRAZIER,                                                    Civil No. 05-1416-ST

                Petitioner,                                   OPINION AND ORDER

      v.

JEAN HILL,

                Respondent.

_____

HAGGERTY, District Judge:

        Magistrate Judge Stewart has issued a Findings and Recommendation [96] in this action.

The Magistrate Judge recommends denying the Petition for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254, and dismissing this case with prejudice.  Petitioner timely filed objections.

For the following reasons, the Findings and Recommendation is adopted in part.

## **DISCUSSION**

        When a party objects to any portion of a Findings and Recommendation, the district court

must conduct a *de novo* review of that portion of the Magistrate Judge's report.  28 U.S.C. §

636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313

1 - OPINION AND ORDER

(9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Petitioner raises five objections to the Findings and Recommendation. Petitioner asserts that the Magistrate Judge made the following errors: (1) finding that petitioner's second Post-Conviction Relief (PCR) petition "was dismissed for procedural reasons"; (2) finding that petitioner defaulted his claim for ineffective assistance of appellate counsel with respect to Ground 1;[1] (3) finding that petitioner defaulted his claim that his departure sentences violated his rights recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004); (4) finding that petitioner did not assert cause and prejudice as a basis for relief from any default; and (5) finding that petitioner failed to establish ineffective assistance of counsel with respect to Ground 2. Petitioner's arguments will be addressed in turn.

### 1.    Dismissal of Second PCR Petition

The Findings and Recommendation found that petitioner filed a "successive PCR Petition" that had been dismissed for procedural reasons. Findings and Recommendation (F&R) at 3-4. Petitioner objects that this was error. Respondent concedes that this petition was decided on the merits. Resp. at 2. After reviewing the record, this court concludes that petitioner's "Subsequent Pro Se Petition for [PCR]" was decided on the merits, and not dismissed on procedural grounds.

Respondent moved for summary judgment on petitioner's second PCR petition on both procedural grounds, and on the merits. Resp.'s Ex. 150. At oral argument in PCR court,

---

[1] The court adopts the Magistrate Judge's numbering of petitioner's claims. *See* Findings and Recommendation at 4-5.

petitioner clarified that his PCR claim arose from his re-sentencing in 2002, after *Apprendi* was

decided, and not his original sentence in 1998.  Resp.'s Ex. 155 at 1-2.  Respondent conceded

that petitioner's claim for ineffective assistance of appellate counsel after the re-sentencing could

survive summary judgment.  *Id.* at 2-3.  Respondent argued that petitioner's other claims were

precluded because, at the time of petitioner's re-sentencing, *Apprendi* was construed to not apply

to petitioner's sentence.  *Id.* at 2.

The PCR trial judge then asked the parties whether petitioner had counsel during his

appeal following his re-sentencing.  *Id.* at 3.  Petitioner's counsel presented evidence that the

public defender's office had been appointed as petitioner's counsel on November 20, 2002.  *Id.* at

4.  The judge, however, concluded that petitioner filed his own notice of appeal and brief, and

that the public defender's office never participated in the case.  *Id.* at 4-5.  Based on that finding,

the judge ruled that no factual issue existed regarding petitioner's ineffective assistance of

appellate counsel claims, and summary judgment for respondent was granted.  *Id.* at 5.

Because the judge dismissed petitioner's subsequent PCR claims on the merits, the

Magistrate Judge's finding to the contrary was in error.  Petitioner's objection is sustained.

However, for the reasons discussed later in this opinion, the Magistrate Judge's error was

harmless because it has no effect on the dismissal of petitioner's Petition.

### 2.    Procedural default on Ground 1

Petitioner contends that ground one of his petition—which alleges that petitioner's

appellate counsel was constitutionally ineffective for failing to assign error to the trial court's

denial of his motion for judgment of acquittal—was not procedurally defaulted because he raised

3 - OPINION AND ORDER

the issue in his *pro se* supplemental brief and in his Motion to Reinstate Appeal.  Objections at 11.

A state prisoner must exhaust all available state remedies before seeking a federal writ of habeas corpus by "fairly presenting" his or her claims to the highest state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Fair presentation requires the prisoner to alert the state courts of his or her federal claims by citing the federal source of law, an applicable case, or by labeling the claims as "federal."  *Id.* at 32.  To properly exhaust the federal claim, the prisoner's brief in the state courts must describe the operative facts and federal legal theory.  *Castillo v. McFadden*, 399 F.3d 993, 998-99 (9th Cir. 2005).  The prisoner must also submit his or her claim in a procedural context in which the merits of the claim could be considered without special circumstances.  *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (finding no fair presentation where the claim was presented for the first and only time on discretionary review to the state's highest court).

Petitioner's first direct appeal did not raise his ground one claim and was dismissed by petitioner's motion.  Petitioner then sought PCR in Malheur County Circuit Court alleging ineffective assistance of counsel during his trial, sentencing, and direct appeal.  Resp.'s Ex. 104.  In relation to petitioner's ground one claim, petitioner alleged that his trial counsel failed to properly challenge the sufficiency of evidence on his motion for acquittal, and that his appellate counsel failed to assign error to the court's denial of his motion for acquittal.  *Id.*  The Magistrate Judge correctly found that petitioner had adequately raised his ground one claim during his PCR trial.  F&R at 7.

After the PCR court denied relief, petitioner appealed to the Oregon Court of Appeals with the assistance of counsel.  Petitioner's sole assignment of error asserted that the PCR court

"erred when it found that petitioner was not denied his constitutional right to effective assistance of counsel in the underlying proceeding."  Resp.'s Ex. 137 at 5.  In his brief, petitioner specifically alleged that "[a]ppellate counsel failed to adequately represent petitioner in that he unilaterally dismissed petitioner's appeal without permission and without providing petitioner an opportunity to file his own *Balfour* brief."  *Id.* at 11.  Petitioner attached his amended PCR petition to his appellate brief as an excerpt of record.  *Id.* at ii.

The Magistrate Judge concluded that petitioner's appellate claim was "clearly distinct" from his ground one claim, and that petitioner's attempt to incorporate his PCR petition by reference did not fairly present that claim.  F&R at 8.  Petitioner does not object to this finding.

Petitioner also filed a *pro se* Supplemental Brief with the Court of Appeals.  Resp.'s Ex. 138.  Pursuant to Oregon Rule of Appellate Procedure (ORAP) 5.92, petitioner's *pro se* brief was limited to five pages.  Petitioner raised eight specific issues unrelated to his ground one claim, and then stated:

> Petitioner submits all other issues as are alleged in both the Amended and Supplemental Petition's [sic] for Postconviction Relief, which are not specifically mentioned in the Appellate or Supplemental Briefs before the court. . . .  Petitioner respectfully requests that the court would fully review all issues for cumulative errors, which may amount to ineffective assistance of counsel.

Resp.'s Ex. 138 at 4 (citation omitted).  Petitioner argues that this statement at the end of his supplemental brief was sufficient to incorporate the arguments submitted in his PCR petition,[2] and therefore, exhausted his claim under ground one.

---

[2]  Petitioner's PCR petition asserted that his appellate counsel was inadequate for failing to raise the "[w]rongful denial of his motion for judgment of acquittal" as a basis for an appeal.  Resp.'s Ex. 104 at 8.

A properly exhausted constitutional claim should generally be presented within the four corners of the petitioner's appellate briefing. *Castillo*, 399 F.3d at 1000.  However, the Oregon Supreme Court clarified that it will consider the briefs filed in the Court of Appeals, and other documents attached to the appellate briefing that were incorporated by reference, to identify and evaluate a party's legal arguments for review. *Farmer v. Baldwin*, 205 P.3d 871, 874-75 (Or. 2009).  The court explained that the appellate briefing "need not be persuasive, correct, thorough, or even reasonable," but must identify the claim of error that the prisoner wants to see corrected. *Id.* at 878.  Therefore, if a prisoner attaches a copy of his or her PCR petition as "section B of [a] *Balfour* brief"[3] in the Court of Appeals, and then cross-references the brief in the petition for review in the Oregon Supreme Court, the claims presented in the PCR petition have been fairly presented to Oregon's highest court. *Id.*; *Farmer v. Baldwin*, 563 F.3d 1042, 1044 (9th Cir. 2009) (holding that if the prisoner's petition complied with state appellate rules, then incorporation by reference can fairly present the federal claim to the Oregon Supreme Court). However, the court emphasized that "[o]nly in the rarest circumstance" would it grant such an undeveloped petition for review, and advised other litigants to present their arguments more effectively. *Farmer*, 205 P.3d at 878.

Petitioner's petition for review in the Oregon Supreme Court asserted "numerous instances of inadequate and ineffective assistance of trial and appellate counsel," and relied on

---

[3] Oregon Rule of Appellate Procedure 5.90 provides that if court-appointed counsel finds no meritorious issues for appeal, he or she may submit a brief with two parts.  ORAP 5.90; *State v. Balfour*, 814 P.2d 1069 (Or. 1991).  Section A is signed by counsel and provides a brief statement of the case.  ORAP 5.90.  Section B is prepared by the prisoner, and may include any claim of error that the prisoner wishes to assert. *Id.*

the legal arguments submitted in petitioner's appellate brief and *pro se* supplemental brief. Resp.'s Ex. 141.  Therefore, the Supreme Court was directed to petitioner's appellate brief, where his Amended PCR petition was attached as an excerpt of record; then to petitioner's supplemental brief, which incorporated all the arguments presented in his Amended PCR petition; and finally to the body of his Amended PCR petition, where his ground one claim was presented.  This kind of multiple-level incorporation by reference goes beyond what the Oregon Supreme Court addressed in *Farmer*.

The court in *Farmer* held that a litigant may properly present an issue for review by incorporating by reference the arguments raised in his or her appellate briefing.  205 P.3d at 878. However, the court's answer was restricted to the specific circumstance where a prisoner attached a PCR petition as Section B of a *Balfour* brief filed in the Court of Appeals, and then cross-referenced that same brief in a petition for review.  *Id.*; *see also Williams v. Belleque*, No. 03-1678-JO, 2010 WL 3603781, at *5 (D. Or. Sept. 13, 2010) ("*Farmer* was specifically limited to the situation where appellate counsel filed a *Balfour* brief and, as the prisoner's 'Section B' portion of the brief, the prisoner attached a copy of the PCR petition.").

Petitioner did not file a *Balfour* brief.  Instead, petitioner filed an appellate brief through counsel and a *pro se* supplemental brief.  Both briefs failed to raise his claim under ground one in the bodies of the arguments.

Petitioner's decision to attach his PCR petition to his appellate brief as part of the excerpt of record without any reference to the arguments contained in the petition did not properly alert the Court of Appeals to those additional claims.  *See Jackson v. Belleque*, No. 08-6411-BR, 2010 WL 348357, at *3-4 (D. Or. Jan. 21, 2010) (holding that simply attaching a copy of a PCR

petition to a *Balfour* brief as part of the excerpt of record is insufficient to exhaust all the claims alleged within the petition).

Additionally, petitioner did not fairly present all the claims alleged in his PCR petition through the general statement in his *pro se* supplemental brief asking the court to "fully review all issues for cumulative errors, which may amount to ineffective assistance of counsel." His attempt to incorporate all PCR claims by this statement fails the fair presentation requirement because petitioner did not state a sufficient factual basis to direct the court to the error he wanted corrected. *Farmer*, 205 P.3d at 878; *see also Baldwin*, 541 U.S. at 32 (holding that a state prisoner does not fairly present a claim to a state court if that court must "read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so"). This court concludes that petitioner's ground one claim was not fairly presented to Oregon highest court through his *pro se* supplemental brief.

Petitioner also contends that his Motion to Reinstate Appeal properly exhausted his claim under ground one. Petitioner moved to reinstate his appeal in September 2008, arguing that he would have asserted the denial of his motion for judgment of acquittal as an assignment of error. Pet.'s Ex. 1 at 5. The Oregon Court of Appeals denied the motion. Pet.'s Ex. 2.

The Court of Appeals stated that it had the authority to reinstate the appeal upon a showing of good cause. *Id.* at 2 (citing O.R.S. § 19.270(3)). The court explained that counsel's failure to advise petitioner of the consequences of dismissing his appeal could constitute good cause, and that if counsel had acted promptly to reinstate the appeal, the court may have done so. *Id.* However, the court concluded that petitioner waited too long, the state would be prejudiced

by retrying the case, and that petitioner's claims had already been denied by the PCR court. *Id.* at 2-3.

Because the appellate court's review of a motion to reinstate an appeal is discretionary, it does not present a petitioner's claims in a procedural context in which the merits could be considered. *Whitlock v. Hill*, No. 09-207-AA, 2010 WL 4642126, at *3 (D. Or. Nov. 4, 2010); *see also Hasset v. Belleque*, No. 06-611-CL, 2008 WL 5046317, at *3-4 (D. Or. Nov. 21, 2008) (finding claims not fairly presented when appeal was dismissed as untimely, and appellate court denied motion to reinstate appeal on legal and equitable grounds). Petitioner's motion to reinstate his appeal failed to fairly present his claim under ground one.

The Findings and Recommendation properly concluded that petitioner's ground one claim was procedurally defaulted. Petitioner's objection regarding this issue is overruled.

### 3.      Procedural default on Ground 4

Petitioner asserts that he presented his claim under ground four—that petitioner's consecutive and departure sentences violated his Sixth and Fourteenth Amendment rights under *Apprendi*—to the state's highest courts through his second PCR petition, his Motion to Amend/Correct Sentence, and his Motion to Reinstate Appeal. Objections at 16-17. Respondent asserts that petitioner's *Apprendi* claim is procedurally defaulted because it was not presented to the Oregon courts in a procedural context in which the merits could have been considered. Resp. at 5.

Petitioner's second PCR petition raised his claim under ground four. Resp.'s Ex. 149. Petitioner presented that same claim in his appellate brief and petition for review in the Oregon Supreme Court. Resp.'s Ex. 157; Resp.'s Ex. 159. However, under Oregon law, a petitioner

9 - OPINION AND ORDER

generally may not raise claims in PCR proceedings that reasonably could have been raised in the

trial court or on direct appeal, unless he or she asserts that the failure to raise the claim

constituted ineffective assistance of counsel. *Palmer v. State*, 867 P.2d 1368 (1994).  The rule in

*Palmer* constitutes an adequate and independent state procedural ground for denying habeas

corpus relief. *Lerma v. Palmateer*, 118 Fed. App'x 174, 175-76 (9th Cir. 2004).

       A prisoner, therefore, cannot bring an *Apprendi* or *Blakely* claim based on the court's

imposition of a departure sentence or consecutive sentences if he or she fails to make the

challenge during the initial sentencing or re-sentencing.  *Harris v. Hill*, 206 P.3d 218, 219 (Or.

Ct. App. 2009) (affirming denial of PCR relief where the petitioner's *Apprendi* claim could have

been raised at the sentencing phase, or was sought to be applied retroactively, which is contrary

to federal law); *see also Chase v. Blackletter*, 188 P.3d 427, 430 (Or. Ct. App. 2008) (noting that

even after *Blakely* was decided, the Oregon courts did not believe that *Apprendi* or *Blakely*

provided a basis to challenge consecutive sentences) (citation omitted).  Additionally, trial and

appellate counsel's failure to anticipate the holdings in *Apprendi* and *Blakely* does not constitute

ineffective assistance to overcome the procedural rule in *Palmer*.  *Id*.

       In this case, petitioner did not raise his ground four claim at his original sentencing

because it was final before *Apprendi* was decided.  Petitioner could have raised the issue at his

re-sentencing in 2002, but failed to do so.  *See* Resp.'s Ex. 153 at 8 (requesting reduction in

sentence in his departure sentence based on O.R.S. 137.750, and seeking temporary leave from

custody, work release, and alternative programs).

       Petitioner then filed a *pro se* Notice of Appeal regarding the amended judgment and

sentence.  Resp.'s Ex. 154 at 27-29.  Two days later, the public defender's office notified

petitioner that an appeal from a re-sentencing must be based on a colorable claim of error, and finding none, the office would not file a notice of appeal on his behalf. *Id.* at 31. When no transcript was timely filed, the court appointed the public defender's office to represent petitioner, and notified the parties that petitioner's appeal would be dismissed for failure to file the transcript unless good cause was shown within fourteen days. Resp.'s Ex. 154 at 33-34, 37. The public defender's office again explained to petitioner that it did not believe he had any basis for an appeal, and would notify the court that no further action would be taken by the office to pursue the appeal. *Id.* at 32. After the court did not receive the transcript or other notice from the parties, the appeal was dismissed in January 2003. *Id.* at 37.

Because the appeal was dismissed, petitioner did not have the opportunity to raise the *Apprendi* issue on direct appeal of his re-sentencing.

If petitioner had maintained his appeal, the appellate courts would have been required to review petitioner's *Apprendi* claim for plain error, because it was not raised at his original sentencing or at his re-sentencing. *See* ORAP 5.45(1) (stating that Oregon appellate court will not review a claimed error unless it was preserved in the lower court, or is a plain error of law). At the time of petitioner's appeal, however, an un-preserved *Apprendi* claim was not considered a plain error that could be reversed on appeal. *See State v. Crain*, 33 P.3d 1050, 1056 (Or. Ct. App. 2001). Accordingly, an independent and adequate state procedural rule defaults petitioner's claim under ground four.

Petitioner also asserts that he raised his ground four claim in his Motion to Amend/Correct Sentence under O.R.S. § 138.083. In his motion, petitioner asserted that the

court's imposition of departure and consecutive sentences violated his Sixth Amendment rights

under *Apprendi* and *Blakely*.  Pet.'s Ex. 5 at 3-4.  Petitioner's motion was denied.  Pet.'s Ex. 6.

The denial of a motion to correct a judgment under O.R.S. § 138.083 is not appealable.

*State v. Hart*, 72 P.2d 671, 673 (Or. Ct. App. 2003).  Therefore, petitioner could not present his

claims to Oregon's appellate courts in a procedural context in which the merits could be

considered.  Moreover, the Oregon Court of Appeals explained that it has broad discretion to

decide whether to correct an alleged *Blakely* error in a judgment.  *State v. Harding*, 202 P.3d 181,

182-83 (Or. Ct. App. 2009), *vacated by State v. Harding*, 223 P.3d 1029 (Or. 2009) (vacating for

lack of jurisdiction because notice of appeal was not timely filed).  Petitioner's request for

discretionary review is insufficient to fairly present his claim.  *See Casey v. Moore*, 386 F.3d

896, 916 (9th Cir. 2004).

Finally, for the reasons previously discussed, petitioner's Motion to Reinstate Appeal did

not fairly present his claims.  Petitioner's ground four claim is procedurally defaulted, and

petitioner's objections are overruled.

### 4.    Ground Two claim

Petitioner contends that he established ineffective assistance of appellate counsel under

ground two.  Respondent disagrees, but primarily argues that petitioner's ground two claim is not

reviewable by this court because the PCR court "necessarily determined [that] petitioner's

departure sentence was legal."  Resp. at 9.

This court rejects respondent's argument.  The PCR court denied petitioner's ineffective

assistance claim because it incorrectly found that petitioner did not have counsel during his

appeal.  Resp.'s Ex. 155.  This conclusion was an unreasonable factual determination that is not

entitled to deference on federal review.  *See Lambert v. Blodgett*, 393 F.3d. 943, 978 (9th Cir.

2004).  Therefore, this court must evaluate the merits of petitioner's ineffective assistance of

counsel claim under ground two.

A federal writ of habeas corpus shall not be granted unless "the state court decision was

contrary to, or involved an unreasonable application of, clearly established federal law as

determined by the Supreme Court, or was based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding."  *McNeal v. Adams*, 623 F.3d 1283,

1287 (9th Cir. 2010) (citing 28 U.S.C. § 2254(d)).  Therefore, this court may not grant relief

unless the state court arrived at a conclusion of law opposite to that of the Supreme Court,

reached a different result than the Supreme Court on materially indistinguishable facts, or applied

a clear legal principle to a new set of facts in an objectively unreasonable manner.  *Id.* at 1287-

88.

To establish ineffective assistance of counsel, a petitioner must prove that counsel's

performance fell below an objective standard of reasonableness, and that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different.  *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

During petitioner's appeal following his re-sentencing, the Oregon courts—as well as

most federal courts—interpreted *Apprendi* as inapplicable to departure sentences or consecutive

sentences.  *Peralta-Basilio v. Hill*, 126 P.3d 1, 2-3 (Or. Ct. App. 2005) (departure sentence);

*Chase*, 188 P.3d at 432 (consecutive sentences).  As the Ninth Circuit stated, "the rule announced

in *Blakely* was clearly not apparent to all reasonable jurists, nor was it dictated by precedent."

*Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005) (listing cases).  Accordingly, an attorney's

failure to challenge a departure or consecutive sentence before *Blakely* was decided does not constitute objective unreasonableness.

Moreover, petitioner cannot demonstrate prejudice. The Findings and Recommendation properly concluded that the record supported the trial court's imposition of a departure sentence based on petitioner's persistent involvement in similar activities. The "persistent involvement" factor requires the trier of fact to determine whether the defendant's involvement in similar offenses is sufficiently continuous. *State v. Bray*, 160 P.3d 983, 990 (Or. 2007).

The Findings and Recommendation cited nine events in petitioner's criminal history involving robbery or the use of force, which were presented to the sentencing court. F&R at 16-17.

During sentencing, the State discussed only three of petitioner's convictions for person crimes, because petitioner had admitted to those convictions during the trial. Sentencing Tr. at 10-12. Petitioner's three convictions included attempted involuntary manslaughter, discharging a firearm, and attempted robbery. *Id.* The State also discussed petitioner's disciplinary actions while he was in jail. Sentencing Tr. at 15. The sentencing court accepted the admitted convictions, and primarily based its departure sentence on petitioner's persistent involvement in those three person crimes, petitioner's lack of remorse, and his failure to take responsibility for his actions. Sentencing Tr. at 16, 25.

Petitioner argues that his prior convictions lack the persistence and similarity required to impose departure sentences on his aggravated murder counts. This court disagrees. Person crimes qualify as sufficiently similar crimes. *State v. Agee*, 196 P.3d 1060, 1068 (Or. Ct. App. 2008). The persistence factor is intended to determine whether the offender has been involved in

14 - OPINION AND ORDER

crimes of a repetitive nature or pattern.  *State v. Kennedy*, 831 P.2d 712, 714 (Or. Ct. App. 1992).

The sentencing court explained that it was imposing a departure sentence based on petitioner's

involvement in similar crimes, other crimes, and other violent conduct.  Sentencing Tr. at 25.

Petitioner's record was sufficient to support a finding that he was involved in a pattern of

criminal and violent behavior.

Additionally, the statute only requires a showing of persistent assaultive conduct.  *See*

*State v. Ceballos*, 986 P.2d 680, 682 (Or. Ct. App. 1999) (holding that the assaultive behavior

can occur before or after the offense for which the sentence is being imposed).  Petitioner's

criminal history includes at least three convictions involving assaultive conduct, and his

institutional history shows that he was often involved in assaultive conduct.  The record is

sufficient to support a finding of persistent involvement.  Therefore, petitioner cannot

demonstrate that his sentence would have been different had his appellate counsel challenged it.

### 5.    Failure to present cause and prejudice

After finding that petitioner's claim under ground four was procedurally defaulted, the

Magistrate Judge found that "[p]etitioner does not attempt to excuse any of his defaults by

demonstrating either cause and prejudice or actual innocence."  F&R at 12.  Petitioner objects,

arguing that he cited his "appellate counsel's ineffectiveness" as cause and prejudice in his habeas

petition.  Objections at 17.  Respondent responds that a "passing reference to cause and

prejudice" falls short of raising the issue, and alternatively, that petitioner's counsel was not

ineffective.  Resp. at 7.

A petitioner can demonstrate cause and prejudice if his counsel's performance was

constitutionally ineffective.  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).  However, if a

15 - OPINION AND ORDER

petitioner was represented by counsel whose performance was not constitutionally ineffective under *Strickland*, then the procedural default may preclude relief. *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (citations omitted).

Petitioner alleged cause and prejudice, but has failed to establish it. As discussed, petitioner's appellate counsel was not constitutionally ineffective. The Magistrate Judge's finding was proper.

The court has reviewed the remaining unchallenged aspects of the Findings and Recommendation and finds no clear error. *See Campbell v. U.S. Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974).

## CONCLUSION

The Findings and Recommendation [96] is adopted in part. The Magistrate Judge's finding that petitioner's subsequent PCR petition was dismissed for procedural reasons is a harmless error. Petitioner's Petition for Writ of Habeas Corpus is denied, and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this __22__ day of February, 2011.

___/s/ Ancer L. Haggerty___
Ancer L. Haggerty
United States District Judge

16 - OPINION AND ORDER